IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER Y. WILKINS, | 1:07-CV-0621 LJO WMW HC |
| Petitioner, | ORDER GRANTING MOTION FOR STAY |
| vs. | (Doc. 2) |
| CHRIS STRICKLAND, | MONTHLY STATUS REPORTS REQUIRED |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 24, 2007, Petitioner filed a motion for a stay of these proceedings pending the exhaustion of additional claims in state court.

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528, 1534, 2005 WL 711587 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 125 S.Ct. at 1534. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 1535. Even if Petitioner were

to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

Unfortunately, the Rhines does not discuss what circumstances would constitute "good cause" for a petitioner's failure to exhaust his claims in state court before initiating his federal habeas corpus proceeding. In the present case, Petitioner provides a declaration stating that the claims are newly discovered. This court is not prepared to find that this does not constitute good cause. See Fetterly v. Paskett, 997 F.2d 1295, 1301   (9th Cir. 1993) (abused of discretion found when court denied stay to exhaust newly discovered claims).   Further, the fact that Petitioner has already filed his petition with the California Supreme Court presenting his newly discovered claims weighs towards supporting the AEDPA's objective of encouraging finality and supports  AEDPA's objective of streamlining federal habeas proceedings. Id. at 1534.

Accordingly, Petitioner's motion for stay of the proceedings is hereby GRANTED.  Petitioner is HEREBY ORDERED to file a status report regarding his habeas corpus petition now pending in the California Supreme Court on August 1, 2007, and every thirty days thereafter.  In addition, Petitioner shall immediately inform this court when the California Supreme Court rules on his case.

IT IS SO ORDERED.

**Dated:    June 5, 2007**              /s/  **William M. Wunderlich**
                                         UNITED STATES MAGISTRATE JUDGE